No. ‒‒‒‒‒‒.

First Circuit

H. L. THOMPSON v. C. R. SHORT LUMBER COMPANY.

(December 8, 1925. Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Error and Mistake—Par. 17.
Under Article 2302 of the Civil Code, he who has paid through mistake, believing himself a debtor, may reclaim what he has paid.
(See Articles 2303 and 2304 of the Civil Code. Editor's note.)

Appeal from Vernon Parish, Hon. Hal A. Burgess, Judge.

This is a suit for the collection of the sum alleged due the plaintiff. There was judgment for defendant, and plaintiff appealed. Judgment affirmed.

S. I. Foster of Leesville, attorney for plaintiff, appellant.

Hardin and Cavanaugh of Leesville, attorneys for defendant, appellee.

MOUTON, J. Plaintiff instituted this suit against C. R. Short and the C. R. Short Lumber Company to recover against them in solido the sum of $360.40, alleging that he had sold to C. R. Short some hay to that amount, and that it had been used in the sawmill business of the company. Plaintiff alleges that on the 2nd day of October, 1920, and for the purpose of paying on this indebtedness, the C. R. Short Lumber Company issued a check in his favor for $18.20 on the Lumberman's Bank of De Ridder, La., and that later, on Oct. 23rd, 1920, the said C. R. Short Lumber Company issued another check in his favor on said bank for $342.20, in payment of the claim he is herein suing for.

The defendants filed an answer to the petition, in which, after denying four articles of the demand, aver as follows: "Defendant admits giving the check for three hundred and forty-two and 20-100 ($342.20) dollars, as stated, but avers that said check was given in error, thinking they, defendants, were indebted unto plaintiff, but upon finding that neither defendant was so indebted, payment on said check was stopped." It is clearly shown that the check for $18.20 referred to in plaintiff's petition had been drawn in the name of C. R. Short by one Bennett and was a forgery. We are not concerned with this check in the consideration of this case, and will address ourselves to the issue arising out of the check for $342.20, which defendants admit to have drawn in favor of plaintiff. As defendants admit to have issued this check to plaintiff, the sole issue submitted is as to whether it was given in error or not.

The proof shows that Bennett, who forged this check for $18.20, was employed

as a "logger" for defendant company and had no other connection with it. Bennett, the record shows, bought the hay in the name of the company, but had no authority whatsoever to do so. The hay was shipped to the C. R. Short Lumber Company, and was placed on a siding of the railroad company. Plaintiff came to the sawmill and had a conference with Short in reference to his bill for the hay. One Force, the son-in-law of Bennett, and who was working in the store of the company, stated to Short that they had gotten the hay. Acting upon this statement, and seeing the shipment had been made to his company, he issued the check for $342.80 to plaintiff, the day after he was informed by Moses, the man who unloaded the feed for the company, that Bennett had unloaded the hay and carried it, some to his tent, and the other portion to his house. After making further immediate inquiries and ascertaining that the company had never received or used the hay, and had never been charged for it, he forthwith stopped the payment on the check. Civil Code 2302 says: "He who has paid through mistake, believing himself a debtor, may reclaim what he has paid." It is necessary, says Article C. C. 2303, that the thing paid be not due in any manner, either civilly or naturally. A thing not due is that which is paid on the supposition of an obligation which does not exist. C. C. 2304. The claim of the plaintiff was not due by the C. R. Short Lumber Company, either civilly or naturally. C. R. Short gave the check on the supposition of an obligation that did not exist on the part of his company, and had the perfect right to stop the payment of the check.

The claim of the plaintiff against the company was correctly rejected.

Affirmed.